D. M. MURPHY *v.* A. W. GAYLORD.

(*Jackson,* April Term, 1930.)

Opinion filed May 31, 1930.

J. W. RANKIN, for plaintiff in error.

D. W. HARPER, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The County Court and the Circuit Court dismissed a petition for the allowance of compensation and petitioner has appealed. He lost a little finger while oiling a concrete mixer while in the employ of the defendant, working by the hour, in connection with the erection, or re-building, of a garage owned by the defendant. The defenses interposed were that the employment was casual only and not in the usual course of the business, or occupation, of the employer; that the defendant was not the employer of five or more men at the time the accident occurred; and that no written notice was given within thirty days.

The judgment of the trial court contains no specifications of the grounds of his action. The question here is whether or not the record contains any material evidence to sustain any one or all of the defenses interposed. If either is sustained, consideration of the others becomes immaterial.

Section 6, Subsection B, of Workmen's Compensation Act, Chap. 123, Acts of 1919, provides that the Act shall not apply to, ''Any person whose employment at the time of injury is casual, that is, one who is not employed in the usual course of trade, business, profession or occupation of the employer.''

As already indicated, Gaylord, the employer, was not engaged in the business or occupation of building. The particular work on which the petitioner was engaged at the time of his injury was an incident of the construction, or re-construction of a building owned or controlled by the employer, the work on which was being done by the employer aside from and independent of the usual course of his trade, business, profession or occupation.

It is said in *In re Gaynor,* 217 Mass., 86, 104 N. E., 339, L. R. A. 1916A, 363, that, "The word casual is in common use. Its ordinary signification, as shown by the lexicographers, is something which comes without regularity, and is occasional and incidental. Its meaning may be more clearly understood by referring to its antonyms, which are, regular, systematic, periodic and certain."

While the compensation acts commonly contain provisions making exceptions similar to the one contained in the Tennessee Act, the provisions vary somewhat in wording and call for some differences in construction. Some of the exceptions appear to be directed to conditions in which it is the *employee's* employment which is casual; and others apply if the *employer* is engaged at the time in work which is casual only. Some statutes seem to require concurrence of the two conditions; under others, the exception applies in either event.

In the instant case, under the Tennessee statute, the exception applies, because it clearly appears that the petitioner was not at the time employed in the usual course of the trade, business or occupation of his employer.

It appears that petitioner had been employed only from time to time by the hour, as his occasional services

seemed necessary, over several weeks, having no regular, systematic or certain employment with the defendant. However, in view of our conclusion that the employer herein is excepted, it is unnecessary to determine, in construction of the quoted section of the Tennessee Act, the effect of the irregular and occasional only employment of petitioner.

Cases arising under the casual clauses of various Acts are cited and the subject fully treated in notes in 14 A. L. R., p. 735, and 33 A. L. R., p. 1460; also in Corpus Juris Workmen's Compensation Acts, pamphlet, Paragraph 43. While a review of these authorities indicates some divergence of views, the decisions largely turning either on the facts of the particular cases, or the wording of the different statutes, we think there can be no doubt, as above indicated, that on the facts of the case before us the petitioner is not entitled to recover under the Tennessee Act. The judgment is affirmed.