MAGGIE GIBBONS, COMPLAINANT, APPELLEE, *v.* ROLLER ESTATES, INC., DEFENDANT, APPELLANT.

*(Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

T. R. BANDY, for complainant, appellee.

WORLEY, McADAMS & HAUK and E. LYNN MINTER, for defendant, appellant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a compensation case brought by the mother of one Claude Gibbons, who received injuries from which he died, while working for Roller Estates, Inc. The chancellor made an award to the mother as a partial dependent and the defendant below appealed in error.

Roller Estates, Inc., operates farms and a dairy and also owns and operates an office building in the town of Kingsport. Certain of the offices were being repainted and the boy was going before the painters cleaning the walls of the rooms with gasoline. He seemed to have been supplied with a bucket of gasoline and rags. During this work, the boy went to a toilet in the building and while he was in there an explosion occurred. It is

not known just how the explosion was occasioned. The boy received burns from which he died.

■ Among other defenses, Roller Estates, Inc., relies on subsection (b) of section 6, chapter 123, Acts of 1919, providing that the Act shall not apply to "any person whose employment at the time of the injury is casual, that is, one who is not employed in the usual course of trade, business, profession or occupation of the employer." This defense was overruled by the chancellor but it seems to us good.

In *Murphy* v. *Gaylord,* 160 Tenn., 660, the owner of a garage was reconstructing his building. A workman employed about a concrete mixer used in this reconstruction was injured and made claim under the Compensation Act. The court held that the employer was not engaged in the business or occupation of building, saying:

"The particular work on which the petitioner was engaged at the time of his injury was an incident of the construction, or re-construction of a building owned or controlled by the employer, the work on which was being done by the employer aside from and independent of the usual course of his trade, business, profession or occupation."

The suit was accordingly dismissed.

We are unable to take the present case out of the authority of *Murphy* v. *Gaylord, supra.* If it be said that conducting an office building was part of the trade, business or occupation of Roller Estates, Inc., the repainting of that building was as much outside the usual course of the trade, business or occupation of the employer as was the reconstruction of the garage in the case cited.

■ Casual employment appears to be defined by our statute. The statute excepts "any person whose employment . . . is casual, that is, one who is not employed in the usual course of trade, business, etc." Unless, therefore, an employee is engaged with reference to the usual course of the master's trade, business, etc., he must be regarded as a casual employee, not within the protection of the statute. Conversely an employee may be within the protection of the statute, if engaged with reference to the usual course of the master's trade, business, etc., although his employment itself is casual as distinguished from regular employment. The exclusion clauses of the compensation statutes of the different states, as noted in *Murphy* v. *Gaylord, supra,* differ. This more fully appears from cases collected in a note, 15 A. L. R., 736.

In accord with *Murphy* v. *Gaylord* is *Holbrook* v. *Olympia Hotel Co.,* 200 Mich., 597. It was there held that the owner of a hotel was not pursuing the usual course of his business within the meaning of the compensation act, where he occasionally had rooms in the hotel painted and decorated, although it was usual for him to have such work done. This case seems quite in point here. The painters working on defendant's building were not regular employees and the boy killed was merely acting as a helper to the painters.

Reversed and dismissed.