HARPER *v.* GRADY COUNCE & SON.

(*Nashville,* December Term, 1951.)

Opinion filed June 7, 1952.

Rehearing denied July 11, 1952.

WILL TOM ABERNATHY, of Selmer, for plaintiff in error.

Ross & Ross, of Savannah, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a Workmen's Compensation suit which the Circuit Judge dismissed after hearing all the proof. The trial judge was of the opinion that the petitioner was a "casual employee only" as defined by Section 6856, subsection (b) of the Code, and was not employed in the usual course of trade, business, profession or occupation of the defendant.

Richard Harper, the petitioner, a colored man, whose home was at Selmer and whose occupation was that of a plumber, filed his petition against the defendants who were engaged as partners in the operation of an automobile garage, the handling and sale of automobiles and the handling and sale of agricultural implements. The defendants were in no wise engaged in the plumbing business. He was employed as a plumber at a stipulated price per hour at one particular job. He worked on installing the water pipe one day and on the next morning, still working as a plumber, while on a ladder which he used regularly in his duties, he sustained an injury to his foot which he claimed rendered him totally disabled. As heretofore pointed out, the trial judge after hearing all the proof, dismissed the suit on the ground that

Harper was a casual employee. The record supports this finding.

The plumbing business was not part of the business of the defendants or even incidental thereto. The hiring of plaintiff as a plumber to install the water pipe at the place of business of the defendants made him a casual employee only. See Code Section 6856, subsection (b); *Murphy* v. *Gaylord*, 160 Tenn. 660, 28 S. W. (2d) 348; *Dancy* v. *Abraham Bros. Packing Co.*, 171 Tenn. 311, 102 S. W. (2d) 526; *Gibbons* v. *Roller Estates, Inc.*, 163 Tenn. 373, 43 S. W. (2d) 198.

It is insisted that because of the fact that the insurance carrier paid compensation to the petitioner for many weeks, the defendants are estopped to deny liability.

No estoppel arises or can arise under the facts of this case for the petitioner was not injured or prejudiced by the payments made to him by the insurance company. He was not carried as an employee on the payroll of the defendants.

The rule as to estoppel is that it will apply to one who is misled to his injury. *Triplex Shoe Co.* v. *Rice & Hutchins,* 17 Del. Ch. 356, 152 A. 342, 72 A. L. R. 936; *Dahrooge* v. *Rochester German Ins. Co.,* 177 Mich. 442, 143 N. W. 608, 48 L. R. A., N. S., 906.

The petitioner had not been misled as to his injury and unless he was, there can be no estoppel. 19 Am. Jur. 642.

It results that we find no merit in the assignment of error and the judgment of the lower court is affirmed.