**Robert L. YEAROUT, Appellant,**

v.

**James C. TRUSTY and Quality Paving Company, Inc., Appellees.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 5, 1984.

Petition to Rehear Feb. 11, 1985.

J. Nicklas Holt, Rom Meares, P.C., Maryville, for appellant.

Linda J. Hamilton, Richard W. Kreig, Morton, Lewis, King & Krieg, Knoxville, for appellee.

## OPINION

FONES, Justice.

The issue in this workers' compensation case is whether plaintiff was a casual employee of Quality Paving Company and excluded from coverage under T.C.A. § 50–6–106(2). A procedural issue involves the interpretation of T.R.C.P. 58.02(2).

Plaintiff, Robert Yearout, was employed in the first part of July 1982, as a laborer by Quality Paving. Mr. Yearout did not work a regular forty-hour week, but he reported to work daily and, if the employer had any work in progress, he was assigned various tasks for which he was paid $4.00 per hour. The business of Quality Paving consisted primarily of the paving and sealing of driveways.

On July 26, 1982, plaintiff and the company supervisor, David Hardin, were assigned to apply a cold liquid sealant on the roof of a building for Mr. Trusty, the owner of Quality Paving. On July 27, when

Yearout reported to work, he was told to apply this same sealant on the roof of a garage owned by Trusty's mother-in-law. Yearout and Hardin were transported to the work site by Trusty in a company truck and were instructed by Trusty about the job. The materials required to complete the job were furnished by the company, and Yearout was never told that the job was not for the benefit of the company. During the course of work that day, plaintiff fell from a ladder and was seriously injured.

The trial court held that such activities were not within the usual course of business of Quality Paving and dismissed plaintiff's complaint.

## I.

■ Appellee, Quality Paving Company, has asserted that the notice of appeal was not timely filed and that this Court does not have jurisdiction of the appeal. The record reveals that there were two identical judgments filed with the local clerk, one on January 16, 1984, and one on January 20, 1984. The January 16 judgment was approved for entry by defendant's counsel only and had a certificate of service thereon reflecting that defendant's attorney had mailed a copy of the proposed judgment to plaintiff's attorney on January 13, 1984. The January 20 judgment was approved for entry by counsel for plaintiff and counsel for defendant.

Defendant contends that the January 16 judgment was effective upon entry by the clerk because it complied with T.R.C.P. 58.-02(2). In making that assertion, defendant interprets Rule 58.02(2) as requiring only the mailing of a proposed judgment to opposing counsel, prior to actual entry of the judgment. It was the intent of the rule that if the judgment does not bear the signature of all parties, or their counsel, that copies of the judgment bearing the date of entry and the signature of the judge be, "served on all parties or counsel

of record." The mailing of a copy of a proposed judgment on January 13, 1984, that was entered on January 16, 1984, did not comply with T.R.C.P. 58.02(2). It follows that plaintiff gave timely notice of appeal.

## II.

■ The statutory language excluding casual employees from coverage is as follows:

50-6-106. Employments not covered. —The Workers' Compensation Law shall not apply to:

. . . .

(2) Any person whose employment at the time of injury is casual, that is, one who is not employed in the usual course of trade, business, profession, or occupation of the employer;

The interpretation of that statutory language applied in *United States Rubber Products Co. v. Cannon*, 172 Tenn. 665, 113 S.W.2d 1184 (1938), controls the disposition of this case. Here, as in *Cannon*, the employee was employed as a common laborer to work in the *usual* course of business of the employer. On the day that Cannon was injured, he was assigned to work under his usual "boss man" unloading a load of lumber from a freight car. The lumber was to be used in the construction of an addition to the employer's plant. The Court noted that construction was not within the usual course of the employer's business of manufacturing cord fabric.

After noting that the employer relied upon the leading cases in Tennessee dealing with casual employment[1] the *Cannon* court applied the following interpretation of the statute to the facts of that case:

It is to be observed that the exclusion rule approved by these authorities has been applied in those cases only in which the workman was working under a contract of employment which directly and exclusively called for repair or construc-

**1.** *Murphy v. Gaylord*, 160 Tenn. 660, 28 S.W.2d 348; *Gibbons v. Roller Estates*, 163 Tenn. 373, 43 S.W.2d 198; *Parks v. E.M. Carmell Co.*, 168 Tenn. 385, 79 S.W.2d 285; *Dancy v. Abraham Bros. Packing Co.*, 171 Tenn. 311, 102 S.W.2d 526.

tion work, as to which the employer was held to be engaged outside the usual course of his business, etc. The rule must be so limited. It is not to be extended to regular and general employees about a plant in connection with its usual business who happen to be at the time of the accident engaged, at the direction and under the supervision of the company's managers, on work of a repair or construction character.

The statute excludes those persons employed for the purpose of engaging in activity that is not in the usual course of business of the employer. It cannot be used to exclude employees *employed* for the purpose of performing work in the usual business of the employer who happened to be, at the time of the accident, engaged in work outside the usual course of the employer's business, at the direction and under the supervision of the employer.

The trial judge expressly held that the issue before him was whether the work plaintiff was performing was in the usual course of Quality Paving's business. He found that it was an "entirely different line of work" and his denial of compensation was based upon that finding. He also found that plaintiff reported to work on the day of the accident and was instructed by Mr. Trusty, the owner of Quality Paving, to assist his usual supervisor, David Hardin, in loading cans of cold roof sealer, a ladder and rollers into a company truck; that Trusty drove Hardin and plaintiff to the job site, instructed them to apply the cold sealer to a garage roof on the property, and that plaintiff was injured while performing that work.

It follows that upon the proof in this record we find that plaintiff was employed to work in the usual course of business of Quality Paving, and the fact that he was injured while performing work outside the employer's usual business activity at the direction and under the supervision of his employer, did not exclude him from the coverage of the Workers' Compensation Act.

The judgment of the trial court is reversed and this case is remanded to the Circuit Court of Blount County for a hearing to determine the workers' compensation benefits due plaintiff as a result of the accident involved herein. Costs are adjudged against defendant.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

## OPINION ON PETITION TO REHEAR

FONES, Justice.

A petition to rehear has been filed by defendants-appellees, James C. Trusty and Quality Paving Company, Inc., considered by the Court, found to be without merit, and is respectfully denied.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.