**Walter GRANTHAM, Executor of the Estate of Daniel I. Perlberg, Plaintiff–Appellant,**

v.

**TENNESSEE STATE BOARD OF EQUALIZATION, et al., Defendants–Appellees.**

Court of Appeals of Tennessee, Middle Section.

June 20, 1990.

Harry Berke, Berke, Berke & Berke, Chattanooga, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, and William P. Sizer, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff appeals from the chancellor's refusal to grant T.R.C.P., Rule 60.02 relief from a judgment "ordered filed and entered" on September 8, 1989 in the chancery court.

We vacate and remand.

Plaintiff's attorney's affidavit states, as pertinent to this appeal:

The hearing of this case was on August 18, 1989, at which time the Chancellor announced that he would affirm the action of the State Board of Equalization....

The proposed order submitted by the Respondents, as set out in the motion, was mailed to Petitioner's counsel on August 21, 1989, and it contained language which Petitioner's attorney felt was not in keeping with the announcement of the decision from the Bench. Petitioner's attorney thereupon drafted a similar Judgment Order to be submitted.

On September 7, 1989, both drafts of the Judgment Order were mailed by William P. Sizer to the Clerk and Master, but no notice of which order, or the time of signing either order, was given to either of the parties to the litigation. A copy of the signed Judgment Order, certified by the Clerk and Master on October 17, 1989, was first received by Petitioner's attorney on October 19, 1989. At no time prior to October 16, 1989, was Petitioner's attorney aware of the entry of either order....

We vacate and remand because the requirements of T.R.Civ.P. § 58.02 were not met. The rule provides:

The filing with the clerk of a judgment, signed by the judge, constitutes the entry of judgment. The effective date of judgments and other actions of the court shall be the date of filing; *provided, however, that no judgment or other action of the court shall be filed unless and until it bears the signature of the judge and either: (1) the signatures of all parties or their counsel or (2) a certificate of counsel or the clerk that copies of the judgment or action of the court have been served on all parties or counsel of record.* [Emphasis supplied.]

In this case, the effective date of the judgment could not be the date of filing because the judgment neither contained the signatures of "all parties or their counsel" nor "a certificate of counsel or the clerk that copies of the judgment or action of the court" had been served on all parties or counsel of record.

Appellant is granted Rule 60 relief and the cause remanded for the proper entry of judgment in accordance with Rule 58.02. Costs of appeal are assessed to appellee.

TODD, P.J., and LEWIS, J., concur.