STATE OF TENNESSEE, EX REL )
CLAUDIA AGEE, )
)
    Petitioner/Appellee, )
)   Appeal No.
)   01-A-01-9506-CV-00231
VS. )
)   Davidson Circuit
)   No. 92813
J. C. CHAPMAN, JR., )
)
    Respondent/Appellant. )

**FILED**

**Oct. 19, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE



CHARLES W. BURSON
Attorney General & Reporter

ROBERT W. STACK
VERNON A. MELTON, JR.
Assistant Attorneys General
450 James Robertson Parkway
Nashville, Tennessee 37243-0499
    Attorneys for Petitioner/Appellee

CLARK LEE SHAW
2525 Lebanon Road
Nashville, Tennessee 37214
    Attorney for Respondent/Appellant




AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED




              BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

This is an appeal from a judgment of the lower court finding the respondent in contempt for failing to pay child support. The lower court sentenced the respondent to six months in jail but allowed him to remain free if he complied with the court's current support order and remained within the state. On appeal, the respondent argues that he had no notice of the original support order, that he was not given proper notice of the contempt charges, that the trial judge improperly denied his request for a jury, and that the trial judge erred in denying him the right to leave the state. In accordance with the following opinion we reverse the lower court's sentence for contempt and its injunction against leaving the state. Otherwise, we affirm.

## I.

Claudia Chapman, the mother of J. C. Chapman, Jr.'s infant son, obtained a divorce on January 15, 1979. The decree, entered by default, ordered Mr. Chapman to pay the greater of one-fourth of his gross income or thirty-five dollars per week in child support. A copy of the decree was mailed to Mr. Chapman's mother's address, "3813 Barlow Drive, <u>Antioch</u>, Tennessee 37013." She actually resided at "3813 Barlow Drive, <u>Nashville</u>, Tennessee." Mr. Chapman testified that he was not aware that he was under an order to pay child support. He never did.

On November 19, 1993, Mrs. Chapman (now Mrs. Agee) filed a petition asking the trial court to hold Mr. Chapman in willful contempt and to grant a judgment of $26,950 for the accumulated arrearage. Mr. Chapman filed an answer and demanded a jury. Before the hearing below, Mr. Chapman also demanded that Mrs. Agee elect whether she was asking for civil or criminal sanctions. The court denied

the jury demand and at the final hearing below Mrs. Agee stipulated that she was not pursuing the contempt charge; she was only seeking a judgment for the arrearage.

After a hearing, the trial judge found Mr. Chapman to be in willful civil contempt and sentenced him to six months in the county jail or until he purged himself of the contempt. The sentence was suspended on the condition that Mr. Chapman strictly comply with the order to pay $35.00 per week in current support and $50.00 per week on the arrearage. The court found the arrearage to be $27,415.00 and granted Mrs. Agee a judgment for that amount. Finally, the trial judge prohibited Mr. Chapman from leaving the state without the court's permission. Later, the court modified the injunction to allow Mr. Chapman to leave the state after he had paid the judgment for the arrearage.

## II.

Mr. Chapman argues that he could not be held in contempt because the original divorce decree was not validly entered in accordance with Rule 58, Tenn. R. Civ. Proc. Rule 58 now says that an order is effective when it is delivered to the clerk for entry if it contains (1) the signature of the judge and all parties or counsel, (2) the signature of the judge and one party or counsel with a certificate of counsel that a copy has been served on all other parties or counsel, or (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel. The failure to comply with Rule 58 prevents the effective entry of a judgment or order. *Grantham v. Tennessee State Board of Equalization*, 794 S.W.2d 751 (Tenn. App. 1990); *Yearout v. Trusty*, 684 S.W.2d 612 (Tenn. 1984).

The rule cited by Mr. Chapman, however, is not the rule that was in effect in 1979 when the divorce decree was entered. Until the rule was first amended in 1980 it only required the signature of the judge on the judgment or order, and

delivery to the clerk. The 1979 divorce decree contained the judge's signature and was entered on the minute book by the clerk on January 15, 1979. We are, therefore, convinced that the decree was validly entered. See *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976)(where Rule 60 relief was necessary to set aside an order entered under nearly identical circumstances.)

We noted that the original decree was taken by default. Although Mr. Chapman raised an issue about the service of process in the divorce action, his testimony does not overcome the proof that he was actually served. A judgment by default is as conclusive as a judgment entered after the defendant appears, as to all matters in issue. *Beare v. Burnett*, 162 Tenn. 610, 39 S.W.2d 737 (1931).

### III.

### Contempt

The contempt order specifically adjudges that:

1.   The Respondent is guilty of willful civil contempt of Court.

2.   Claudia Agee is granted a judgment against the Respondent in the amount of $27,415.00 as of September 8, 1994.

3.   The Respondent is sentenced to serve six months in the Metropolitan Davidson County Workhouse/Jail, or until he purges himself of the contempt.

4.   Said sentence is suspended upon the Respondent's strict compliance with the terms of this order.

At the beginning of the hearing below, the attorney representing Mrs. Agee stated, "we are not seeking a contempt sanction judgment today." At the end of the hearing she reiterated her client's position and said, "we're just asking for jugment and to enforce this order." The trial judge, nevertheless, imposed the

sentence stated above.  We think Mrs. Agee waived any sanction that might have been imposed for her benefit and that the trial court erred in imposing the sanction on its own motion.

Civil contempt sanctions are imposed for the benefit of a party litigant. *Garrett v. Forest Lawn Memorial Gardens, Inc.*, 588 S.W.2d 309 (Tenn. App. 1979). Criminal contempts are directed against the dignity and authority of the court and tend to bring the court into disrepute or disrespect.  *O'Brien v. State ex rel. Bibb*, 26 Tenn. App. 270, 170 S.W.2d 931 (1943).  While there is a split of authority on the question of whether a court has the authority to impose punishment for civil contempt on its own motion, *see Rodriguez v. Rodriguez*, 245 So.2d 765 (La. App. 4th Cir. 1971) and *Hall v. Hall*, 485 So.2d 747 (Ala. App. 1986), the general rule seems to be that, since the sanction is imposed for a party's benefit, the party has the power to waive that benefit.  If a party does not seek to hold the opposing party in contempt, the court cannot impose civil sanctions on its own motion.  See 17 Am. Jur. 2d Contempt § 170.

On this ground alone, we are convinced that the sentence for contempt must be reversed.  We need not, therefore, address the issues of Mr.  Chapman's right to a jury or his right to have the prosecutor elect between civil and criminal contempt.  In this regard we note that Rule 42 Tenn. Rules of Crim. Proc. require notice to the respondent that he or she is facing a criminal charge.  See *Storey v. Storey*, 835 S.W.2d 593 (Tenn. App. 1992).

**IV.**

**The Injunction Against Leaving the State**

Mr. Chapman argues that the trial court exceeded its authority by ordering him not to leave the state until he paid the arrearage judgment. Although he argues that the order is a *ne exeat* writ, the trial judge did not require a bond and the final order simply says that Mr. Chapman "will be restrained and enjoined" from leaving the state. We think, therefore, that the order should be viewed in light of general equitable principles.

Injunctions are issued to prevent irreparable injury and the injury must be actually threatened or imminent. *State ex rel. Baird v. Wilson County*, 212 Tenn. 619, 371 S.W.2d 434 (1963). To justify equitable relief on the ground that irreparable injury will result unless relief is granted, the irreparable injury must be real and practically unavoidable and certain. *J. W. Kelly & Co. v. Conner*, 122 Tenn. 339, 123 S.W. 622 (1909).

In this case there is no proof that Mr. Chapman is about to leave the state or is threatening to do so. The proof does show that he has been hard to find on occasions, but not because he was outside the state. Therefore, we do not think the record justifies an injunction against leaving the state.

**V.**

**The Statute of Limitations**

Mr. Chapman argues on appeal that the statute of limitations bars an action on all payments that accrued more than ten years before the petition was filed in the court below. The statute of limitations, however, was not raised in the court below until Mr. Chapman filed a motion to alter or amend the judgment. We are of the opinion that he waived the defense by not raising it in a timely manner. See *Steed Realty Co. v. Oveisi*, 823 S.W.2d 195 (Tenn. App. 1991).

- 6 -

That part of the judgment of the court below imposing a jail sentence on Mr. Chapman for contempt and preventing him from leaving the state is reversed. In all other respects the judgment is affirmed, and the cause is remanded to the Circuit Court of Davidson County. Tax the costs on appeal equally to the appellant and the appellee.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE