IN THE COURT OF APPEALS

FILED

**June 5, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

W. DALE GORDON,                    )   SCOTT CIRCUIT
                                   )   C. A.  NO.  03A01-9702-CV-00054
                                   )
          Plaintiff-Appellee       )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )   HON.  CONRAD TROUTMAN,  JR.
                                   )   JUDGE
                                   )
                                   )
                                   )
                                   )
                                   )
ROBBYN GORDON,                     )   JUDGMENT VACATED;
                                   )   REMANDED TO THE TRIAL COURT
                                   )
          Defendant-Appellant      )


KEVEN W. SHEPHERD, Maryville, for Appellant.

CHARLIE ALLEN, Oneida, for Appellee.


O P I N I O N


                                              McMurray, J.


        This is a divorce case that comes to us in an unusual posture.

The Husband filed his original complaint on April 3, 1996.    No

answer was filed by the Wife. A marital dissolution agreement was filed on June 12, 1996. The marital dissolution agreement provided for the division of the parties' property and further contained the following provision:

> The parties agree that they are equally responsible for the breakdown of the marriage and respectfully request the court to declare them divorced rather than awarding a divorce to either party alone.

The case was heard in the trial court and a "Final Decree" was signed by the trial judge, the plaintiff's attorney, and filed with the Court Clerk on June 12, 1996. On October 12, 1996, a petition to set aside the judgment was filed by the Wife. The bases for the petition to set aside the final decree were threefold: (1) That the Wife's signature on the marital dissolution agreement was obtained by fraud; (2) That the final decree of the court failed to grant a divorce to either party; and (3) that the final decree was not effectively entered for failure to comply with Rule 58, Tennessee Rules of Civil Procedure.

The motion to set aside the final decree was heard by the court on December 19th, 1996, and overruled by order entered on January 10, 1997. The Wife filed her notice of appeal to this court on January 21, 1997. On January 22, 1997, the attorney for the husband filed a "Certificate of Service" certifying that an exact copy of the final decree and marital dissolution agreement

was served upon the Wife by U.S. mail on January 12, 1996. No other or further orders were filed.

The final decree provided as follows:

1. The marital dissolution agreement is approved by the court and made a part of the Final Decree.

2. The parties shall strictly comply with the provisions of the marital dissolution agreement.

3. The defendant is restored to the use of her former name Collins.

Without question the court intended to award a divorce in accordance with the marital dissolution agreement, however, the final decree failed to decree a divorce and, therefore, the validity of the divorce is debatable.

Rule 58, Tennessee Rules of Civil Procedure, provides in pertinent part as follows:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

3

> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

It has been held to be mandatory that judgments comply with Rule 58, Tennessee Rules of Civil Procedure, before they are effectively entered. See State ex rel Agee v. Chapman, 922 S.W.2d 516 (Tenn. App. 1995); Grantham v. Tennessee State Board of Equalization, 794 S.W.2d 751 (Tenn. App. 1990); and Yearout v. Trusty, 684 S.W.2d 612 (Tenn. 1984). Since the final decree in this case contained only the signature of the judge and counsel for the Husband, it clearly was not effectively entered.

We remand the case to the trial court for a reconsideration of the case on remand as if a final decree had not been entered. In so doing, we do not express any opinion on the merits of any issue. On remand, neither party shall be deprived of any rights or remedies that were available prior to the entry of the judgment.

We vacate the judgment of the trial court and remand the case for further action consistent with this opinion. Costs are taxed to the appellee.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M Goddard, Presiding Judge

4

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS

W. DALE GORDON,              )      SCOTT CIRCUIT
                            )      C. A. NO. 03A01-9702-CV-00054
                            )
        Plaintiff-Appellee   )
                            )
                            )
                            )
                            )
                            )
vs.                         )      HON. CONRAD TROUTMAN, JR.
                            )      JUDGE
                            )
                            )
                            )
                            )
                            )
ROBBYN GORDON,              )      JUDGMENT VACATED;
                            )      REMANDED TO THE TRIAL COURT
                            )
        Defendant-Appellant  )

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Scott County and briefs filed on behalf of the respective parties. Upon consideration, this Court is of the opinion that there was reversible error in the trial court.

We vacate the judgment of the trial court and remand the case for further action consistent with this opinion. Costs are taxed to the appellee.

PER CURIAM