IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

| | |
|---|---|
| **DEBRA A. TIPTON,** | FROM THE SHELBY COUNTY |
| | CIRCUIT COURT, No. 84245-5 |
| Appellee, | THE HONORABLE KAY ROBILIO, |
| | JUDGE |
| Vs. | C.A. No. 02A01-9706-CV-00114 |
| | ***VACATED*** |
| **JOHN W. HARRIS, JR.,** | John W. Harris, Jr., Pro Se |
| | William Bryan Penn of Memphis |
| Appellant. | For Appellee |

**FILED**

**February 26, 1998**

**Cecil Crowson, Jr.**
~~Appellate Court Clerk~~

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*


This case involves the issuance of an "Agreed Order of Protection" pursuant to T.C.A.

§ 36-3-605 (1996). Respondent-appellant John W. Harris, Jr. appeals the issuance of the order,

asserting (1) that the court did not have subject matter jurisdiction, (2) that he did not agree to

the issuance of the order, and (3) that the order was improperly granted because he was not

afforded an opportunity to be heard.

Appellee Debra Tipton sought an Order of Protection alleging that her former boyfriend,

John W. Harris, harassed and threatened her when she tried to terminate their ten year

relationship. Tennessee Code Annotated § 36-3-602 provides that "[a]ny and all who have been

subjected to or threatened with abuse by a present or former adult family or household member

may seek" an order of protection. At the time the order was issued, the phrase "family or

household member" included: "Persons living as spouses"; and "[o]ther persons jointly residing

in the same dwelling unit, who are eighteen years of age or older, or who are emancipated."

T.C.A. § 36-3-601(4) (1996). Ms. Tipton alleged that she had lived with Mr. Harris for

approximately four months in 1992 and that her attempts to terminate the relationship had failed.

On January 6, 1997 the trial court issued an *ex parte* Order of Protection pursuant to T.C.A. §

_____

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the actions
of the trial court by memorandum opinion when a formal opinion would have no precedential
value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for
any reason in a subsequent unrelated case.

36-3-605 and set the matter for a hearing as required. However, service upon the Respondent, Dr. Harris, was defective because he was served only one day prior to the hearing, rather than a minimum of five days as required by T.C.A. § 36-3-605(c). Dr. Harris, acting *pro se*, was present at the hearing on January 15, 1997, but argued that the court did not have subject matter jurisdiction over the dispute because the parties did not share the requisite relationship to warrant issuance of an order of protection. (i.e. the parties were not "family or household" members within the meaning of the statute). There is no transcript of the hearing available, but it appears that Dr. Harris' objections did not address the issues of service or personal jurisdiction, but instead were confined to the issue of subject matter jurisdiction. Dr. Harris did not testify at the hearing apparently because he became argumentative and had to be removed from the courtroom. The court issued a reciprocal "Agreed Order of Protection" on January 15, 1997, effective for one year. The order states in part: "By agreement of the parties, the Court makes no findings of fact; no testimony has been offered; and the Respondent has made no admissions with reference to this proceeding, by virtue of his consent to this decree, through his attorney or otherwise."

Dr. Harris filed a motion to vacate the trial court's protective order, and the record contains an order dated February 28, 1997 titled "Consent Order on Motion to Vacate or Set Aside Agreed Order of Protection." We note, however, that the order contains no signature of counsel or the parties, nor does the order contain a certification of service by the clerk. Therefore, there is no effective entry of the order. Tenn.R.Civ.P. 58. Moreover, the transcript of the hearing on this motion indicates that the court's action in denying the motion was definitely not by consent of the appellant.

Although the protective order in question has now expired, we choose to entertain this appeal because this type of situation is subject to repetition and often evades review. *In re Helvenston*, 658 S.W.2d 99, 101-102 (Tenn. App. 1983); *Dockery v. Dockery*, 559 S.W.2d 952 (Tenn. App. 1977). Furthermore, Dr. Harris is justifiably concerned with the possible effect that the issuance of such an order could have on his reputation.

Since no findings of fact were made by the trial court, we review the record *de novo*. T.R.A.P. 13(d).

Dr. Harris's issue regarding the subject matter jurisdiction of the trial court is without

merit. Subject matter jurisdiction is the power of the court to hear and determine cases of the particular class at issue. The circuit court certainly has the power to hear and dispense with petitions seeking orders of protection. T.C.A. § 36-3-601(3)(A) (1996). Whether the petitioner meets the statutory requirements for issuance of such an order is a question for the court to decide, but it is unrelated to the issue of subject matter jurisdiction. We decline to address whether Dr. Harris's due process rights were violated because we find that the "Agreed Order of Protection" was erroneously entered and must be vacated on other grounds.

Despite the characterization of the order as "Agreed," Dr. Harris's signature does not appear thereon and transcripts of subsequent proceedings indicate that Dr. Harris adamantly contested the proceedings. In the absence of an agreement between the parties, the court must find that "the petitioner has proved the allegation of abuse by a preponderance of the evidence." T.C.A. § 36-3-605(b) (1996). Although the statute does not explicitly require written findings, the petitioner must still prove her case. Since the order states specifically that "no testimony has been offered" and that "the Court makes no findings of fact," there is apparently no legal basis for issuance of the order. Moreover, the technical requirements for entry of the order have not been met. The order was not signed by either of the parties or their counsel, nor has the clerk certified that service on the parties or their counsel had been achieved as a substitute for the signatures of the parties as required by Rule 58 of the Tennessee Rules of Civil Procedure. *See Grantham v. Tennessee State Bd. of Equalization*, 794 S.W.2d 751 (Tenn. App. 1990).

The order of the trial court is vacated. Costs of the appeal are assessed against the appellee.

 

_____
**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**