IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2003 Session

**TAMMY DIANE HARGROVE MANGRUM v.
REYNALDO COLLAZO-TORRES**

**Appeal from the Circuit Court for Davidson County**
**No. 84D-3115     Muriel Robinson, Judge**

**No. M2002-02277-COA-R3-CV - Filed February 3, 2005**

This appeal involves a protracted dispute over the payment of child support. Following a job-related injury, the father requested the Circuit Court for Davidson County to reduce his child support obligation, but then unilaterally reduced his child support payments. After the trial court dismissed the father's petition for failure to prosecute, the mother filed a petition seeking a judgment for the child support arrearage. The husband responded by renewing his request to reduce his child support obligation. Following a hearing, the trial court awarded the mother a $13,472 judgment against the father without considering his request for a reduction in his child support payments. We have determined that the order dismissing the father's petition for failure to prosecute was not properly entered. Therefore, the trial court erred by awarding the mother a judgment for the child support arrearage without considering the father's petition to reduce his child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

Dan R. Alexander, Nashville, Tennessee, for the appellant, Reynaldo Collazo.

Robert Todd Jackson, Nashville, Tennessee, for the appellee, Tammy Diane Hargrove Mangrum.

**OPINION**

**I.**

In March 1985, the Circuit Court for Davidson County granted Tammy Diane Hargrove Mangrum a divorce from Reynaldo Collazo[1] based on irreconcilable differences. The final decree approved and incorporated a marital dissolution agreement in which the parties agreed that Ms.

---

[1]Even though the style of the case indicates that his surname is "Collazo-Torres," the appellant's brief points out that he uses the surname "Collazo." Accordingly, we will refer to the appellant in this case as "Mr. Collazo."

Mangrum would have custody of the parties' two-year-old daughter and that Mr. Collazo would pay Ms. Mangrum child support in the amount of $200 per month.

Several years after the final decree of divorce was entered, Ms. Mangrum filed a petition to increase Mr. Collazo's child support payments and to set specific visitation. For his part, Mr. Collazo sought to have Ms. Mangrum held in contempt, to have his visitation rights increased, and to have his child support obligation reduced. Following a hearing in November 1994, a trial judge, sitting by interchange for the original trial judge, entered an order on December 7, 1994, increasing Mr. Collazo's child support obligation to $472 per month and requiring him to pay an additional $10 for his daughter's medical insurance premiums. The court took the other matters under advisement.

At the time of the hearing, Mr. Collazo was working as the general manager at a Hardee's restaurant in LaVergne earning $650 per week plus bonuses. However, in January 1995, he sustained a work-related injury and underwent surgery. Mr. Collazo was totally disabled for a period of time and was unable to return to work until January 15, 1996. When he returned to work, he was placed in an assistant general manager's position with a salary of $450 per week. In addition to the reduction in pay, he lost the opportunity to earn bonuses. According to Ms. Mangrum, from this point forward, Mr. Collazo began paying her less than the $482 in child support payments required by the December 7, 1994 order.

In March 1996, Mr. Collazo requested the trial court to reduce his child support obligation in light of the reduction in his income caused by his injury. He also requested to have the case reassigned to the original trial judge. Six months later, Mr. Collazo filed a petition seeking a change of custody because the parties' daughter, who was fourteen years old, had sent him a letter stating that she wanted to live with him due to conflicts with Ms. Mangrum. For her part, Ms. Mangrum opposed Mr. Collazo's petition to change custody and filed a petition of her own seeking to hold Mr. Collazo in criminal contempt for failing to make his child support payments.[2]

As far as this record reveals, neither party pressed their claims for almost two years. In July 1998, Ms. Mangrum moved to dismiss the contempt petition that had been pending since 1994 for failure to prosecute and sought a judgment for an arrearage alleged to have increased to $7,650. Mr. Collazo responded by filing a motion to set a hearing for his petitions for change of custody and for contempt. Following a hearing in August 1998, the trial court entered an order on November 10, 1998, instructing Mr. Collazo to decide "whether he intends to seriously proceed with his Petition for Change of Custody" and warning him that he would be required to pay Ms. Mangrum's legal expenses if he pursues his custody petition and fails. The trial court also directed Mr. Collazo to resume paying Ms. Mangrum the $482 child support payments required by the December 7, 1994 order. Mr. Collazo replaced his lawyer sometime after the November 1998 hearing.[3] The new lawyer made his first formal appearance in the case on December 10, 1998, and the trial court

---

[2] Ms. Mangrum claimed that the arrearage at that time amounted to $2,292.

[3] Mr. Collazo replaced Paul T. Housch, who had represented him since as early as 1996, with Tony L. Maples.

entered an order on January 6, 1999, relieving his former lawyer of further responsibilities in the case.

On August 31, 2000, the trial court entered an order, on its own motion and apparently without notice, dismissing Mr. Collazo's petition for reduction of his child support for failure to prosecute. Copies of the order were mailed to Ms. Mangrum's lawyer and, for some unexplained reason, to Mr. Collazo's former lawyer rather than to the lawyer who had been representing Mr. Collazo since December 1998.

Less than one month later, on September 29, 2000, Ms. Mangrum filed another petition seeking a judgment for the child support arrearage that she claimed had grown to $15,564. In his answer, Mr. Collazo denied the claimed arrearage and pointed out to the trial court that neither he nor his lawyer[4] received notice that the court was considering dismissing his petition to modify his child support obligation. He also pointed out that he did not receive a copy of the August 31, 2000 order. On October 2, 2001, nine days before the scheduled hearing on Ms. Mangrum's petition for an arrearage judgment, Mr. Collazo filed another petition to reduce his child support obligation. On November 13, 2001, the trial court entered an order awarding Ms. Mangrum a $13,472 judgment for the child support arrearage and an additional $1,180 judgment for her legal expenses. The order does not reflect that the court considered Mr. Collazo's petition to modify his child support obligation. Mr. Collazo filed a timely Tenn. R. Civ. P. 59.04 motion requesting the trial court to alter or amend its November 13, 2001 order. The trial court conducted a hearing on March 1, 2002, and denied the motion in an order entered on September 3, 2002. Mr. Collazo has appealed.

## II.
### THE VALIDITY OF THE AUGUST 31, 2000 ORDER

Mr. Collazo's chief complaint on this appeal is that the trial court erred by refusing to consider his petitions to decrease child support filed after his work-related injury in 1995. Ms. Mangrum responds that the trial court was not required to consider this issue because Mr. Collazo's petition to decrease his child support had been dismissed on August 31, 2000, for failure to prosecute. We have concluded that Ms. Mangrum's reliance on the August 31, 2000 order is misplaced because its entry does not comply with Tenn. R. Civ. P. 58.

Tenn. R. Civ. P. 58 defines precisely how judgments must be entered. The purpose of the rule is "to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved." *Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992). Tenn. R. Civ. P. 58 states that a judgment will not be effective unless it contains one of the following:

> (1)    the signatures of the judge and all parties or counsel, or

---

[4]By this time, Mr. Collazo had changed lawyers again, replacing Mr. Maples with his present lawyer.

(2)     the signatures of the judge and one party or counsel with a
        certificate of counsel that a copy of the proposed order has
        been served on all other parties or counsel, or

(3)     the signature of the judge and a certificate of the clerk that a
        copy has been served on all other parties or counsel.

Failure to adhere to the requirements of Tenn. R. Civ. P. 58 prevents the judgment from becoming effective. *State v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995); *Grantham v. Tennessee State Bd. of Equalization*, 794 S.W.2d 751, 752 (Tenn. Ct. App. 1990); *see also Robinson v. Dutton*, No. 01A01-9203-CH-00127, 1992 WL 207765, at *1 (Tenn. Ct. App. Aug. 28, 1992) (No Tenn. R. App. P. 11 application filed).

The August 31, 2000 judgment dismissing Mr. Collazo's petition to reduce his child support does not comply with Tenn. R. Civ. P. 58. While it appears that the trial court intended to comply with Tenn. R. Civ. P. 58(3) by serving copies of the order on the lawyers for both parties, the effort fell far short of the mark. A copy of the order was sent to Ms. Mangrum's lawyer, but the trial court mistakenly sent a copy of the order to Mr. Collazo's former lawyer.[5] Therefore, the August 31, 2000 order dismissing Mr. Collazo's petition to reduce his child support was not properly entered and is of no legal effect. As a result of this mistake, the petition that Mr. Collazo filed in March 1996 had not been effectively disposed of when the trial court heard Ms. Mangrum's petition for an arrearage in October 2001.

### III.
#### ADJUDICATION OF MS. MANGRUM'S ARREARAGE CLAIM

The ineffectiveness of the August 31, 2000 order dismissing Mr. Collazo's petition to decrease his child support obligation undermines the validity of the November 13, 2001 arrearage judgment. The outcome of a proceeding to modify child support can have a pronounced effect on the amount of an arrearage. Accordingly, before addressing a petition for an arrearage, trial courts should first consider and dispose of any motions to modify child support pending when a petition for an arrearage judgment is filed.

The adjudication of Mr. Collazo's petition could have a pronounced effect on the amount of an arrearage judgment because the petition relates back to March 1996 and, therefore, covers most of the time during which the alleged arrearage accrued. If Mr. Collazo demonstrates that he is entitled to a reduction in his child support as far back as March 1996, that reduction will necessarily decrease the amount of any arrearage he may be required to pay. Accordingly, no alternative is available other than to vacate the November 13, 2001 judgment and remand the case to the trial court with directions to first consider whether Mr. Collazo was entitled to a reduction in his child support

---

[5]Mr. Housch, Mr. Collazo's former lawyer, had not represented him for at least eight months by the time that the August 31, 2000 order was entered.

obligation from and after March 1996 and then to address Ms. Mangrum's petition for an arrearage judgment in light of the disposition of Mr. Collazo's motion to reduce his child support obligation.

## IV.

We vacate the November 13, 2001 judgment and remand the case to the trial court for further proceedings consistent with this opinion. We tax the costs of this appeal in equal proportions to Reynaldo Collazo-Torres[6] and his surety and to Tammy Diane Hargrove Mangrum for which execution, if necessary, may issue.

_____

WILLIAM C. KOCH, JR., P.J., M.S.

---

[6]The name appearing on the appeal bond is "Reynaldo Collazo Torres." Our intent is to tax one-half of the costs to Mr. Collazo.