IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS NOVEMBER 18, 2005

## STATE OF TENNESSEE, EX REL GWENDER L. TAYLOR
## v. IAN W. TAYLOR, SR.

**Direct Appeal from the Juvenile Court for Shelby County**
**No. M8259     Kenneth Turner, Judge**

_____

**No. W2004-02589-COA-R3-JV - Filed March 13, 2006**
_____

This action stems from a petition for child support and a subsequent petition to modify child support. In this appeal, the appellant has presented numerous issues for review. However, this Court finds one issue dispositive of the case: whether the trial court complied with Tennessee Rule of Civil Procedure 58 when it entered its order establishing child support and its subsequent order modifying child support. We dismiss this appeal and remand for entry of both orders pursuant to Tennessee Rule of Civil Procedure 58.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Dismissed and Case Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Ian W. Taylor, Sr., Shreveport, LA, *pro se*

Paul G. Summers, Attorney General and Reporter, Warren A. Jasper, Assistant Attorney General, Nashville, TN, for Appellee

**OPINION**

### I. FACTS & PROCEDURAL HISTORY

On October 29, 2001, Gwender Taylor ("Wife") petitioned the Juvenile Court of Memphis and Shelby County, Tennessee (the "Juvenile Court") for the establishment of child support for her two children from her ex-husband, Ian W. Taylor, Sr. ("Husband" or "Appellant"). Attempts were made to serve Husband with process. However, those attempts failed. On April 15, 2002, the Juvenile Court entered an order confirming the referee's decision to require that Husband pay child support and certain health benefits to Wife for his two children. This order, however, included the signature of the Juvenile Court judge only.

On April 22, 2003, Husband filed a petition for visitation and to amend child support order. This petition was dismissed for a failure to prosecute on May 22, 2003. Thereafter, on June 7, 2004, Husband filed a petition to modify order in which he requested the Juvenile Court to change the custody decree in favor of Husband and to terminate his child support obligations immediately and address any arrears. On June 18, 2004, the hearing on Husband's motion to modify order was continued until July 23, 2004. In that order, the Juvenile Court suspended the original order establishing child support until further orders of the Juvenile Court. On July 23, 2004, the Juvenile Court continued the hearing on Husband's petition to modify order until September 17, 2004. On September 17, 2004, the Juvenile Court entered an order reinstating the original order for child support and increasing the monthly child support amount from $1,000 to $1,144. This order, like the previous order establishing child support, was signed by the Juvenile Court judge only.

## II. DISCUSSION

While Appellant presents numerous issues for review in this appeal, we find one issue dispositive of this case, namely, whether the original order establishing child support and the subsequent order reinstating and increasing child support were effectively entered because each order did not comply with the procedural mandates of Tennessee Rule of Civil Procedure 58. In this case, however, before we can make a determination as to whether Tennessee Rule of Civil Procedure 58 has been violated, we must first determine whether this rule applies to child support proceedings in juvenile court.

A similar issue was decided by the Tennessee Supreme Court in *Gonzalez v. State of Tennessee Department of Children's Services*, 136 S.W.3d 613 (Tenn. 2004). In that case, the Tennessee Supreme Court was confronted with the issue of whether a party may intervene in a parental rights termination case filed in juvenile court pursuant to Tennessee Rule of Civil Procedure 24. *Id.* at 617. The Tennessee Supreme Court found that there was no statute or rule of juvenile procedure that addressed this specific issue. *Id.* However, it did find that the chancery court, the circuit court, and the juvenile court all had concurrent jurisdiction over proceedings to terminate parental rights and that the application of Tennessee Rule of Civil Procedure 24 "would not compromise the efficacy of juvenile proceedings." *Id.* As such, the Tennessee Supreme Court held that Tennessee Rule of Civil Procedure 24 applied to parental rights termination cases in juvenile court. *Id.*

This Court has applied the same rationale to apply Tennessee Rule of Civil Procedure 15.02 to parental rights termination cases in juvenile court. *In re W.B. IV*, Nos. M2004-00999-COA-R3-PT, M2004-01572-COA-R3-PT, 2005 Tenn. App. LEXIS 262, at *43 n.24 (Tenn. Ct. App. Apr. 29, 2005). We find the same rationale to apply in this case as well.

From our review of the Tennessee Rules of Juvenile Procedure and the Rules Regulating Practice and Procedure in the Juvenile Court, this Court finds no rule applicable to the effective entry

or validity of judgments.[1]  Pursuant to section 37-1-104(d)(1)(A) of the Tennessee Code, juvenile courts have concurrent jurisdiction "with other courts having the jurisdiction to order support for minor children."  Tenn. Code Ann. § 37-1-104(d)(1)(A) (2005).  While Tennessee law does not confer exclusive jurisdiction for child support actions to any court, *see, e.g.,* Tenn. Code Ann. §§ 16-10-101 to -112 (1994); Tenn. Code Ann. §§ 16-11-101 to -114 (1994); Tenn. Code Ann. §§ 16-15-501 to -505 (1994); Tenn. Code Ann. §§ 37-1-103, -104 (2005), pursuant to section 16-10-101 of the Tennessee Code, "the circuit court is a court of general jurisdiction, and the judge thereof shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal," Tenn. Code Ann. § 16-10-101 (1994).  Likewise, pursuant to section 16-11-101 of the Tennessee Code, the chancery court has jurisdiction concurrently with the circuit court over civil actions that are triable in the circuit court with certain exceptions. Tenn. Code Ann. § 16-1-101 (1994).  An action for child support is not one of those exceptions.  *See* Tenn. Code Ann. § 16-1-101.  Thus, a child support action may be brought in circuit court, chancery court, or juvenile court.  Because this Court finds that the Rules of Civil Procedure concerning the effectiveness and validity of judgments would apply in both chancery and circuit court child support proceedings and because the application of the Tennessee Rules of Civil Procedure would not compromise the efficacy of juvenile proceedings, we conclude that a judgment rendered by a juvenile court in child support proceedings must comply with Tennessee Rule of Civil Procedure 58.[2]  *See Gonzalez*, 136 S.W.3d at 617; *In re W.B. IV*, 2005 Tenn. App. LEXIS 262, at *43 n.24.

"It has been held to be mandatory that judgments comply with Rule 58, Tennessee Rules of Civil Procedure, before they are effectively entered."  *Gordon v. Gordon*, NO. 03A01-9702-CV-00054, 1997 Tenn. App. LEXIS 392, at *3 (Tenn. Ct. App. June 5, 1997) (citing *State ex rel. Agee v. Chapman*, 922 S.W.2d 516 (Tenn. Ct. App. 1995); *Grantham v. Tenn. State Bd. of Equalization*, 794 S.W.2d 751 (Tenn. Ct. App. 1990); *Yearout v. Trusty*, 684 S.W.2d 612 (Tenn. 1984)).  Tennessee Rule of Civil Procedure 58 states:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or

---

[1]  We are mindful that Appellee has pointed to Tennessee Rule of Juvenile Procedure 4(d) as being related to judgments rendered by a juvenile court.  However, that rule dictates that a referee's decree becomes an order of a juvenile court when the juvenile court judge confirms the decree. Tenn. R. Juv. P. 4(d) (2005).  Pursuant to that rule, a final order by a juvenile court may act as the confirmation of the decree.  *Id.*  However, Tennessee Rule of Juvenile Procedure 4(d) does not pertain to how a judgment becomes the final order of a juvenile court and when it becomes effective and appealable against the parties.  *See id.*

[2]  Tennessee Rule of Civil Procedure 1 states that the Tennessee Rules of Civil Procedure "shall govern the procedure in the circuit and chancery courts of Tennessee and in other courts while exercising the jurisdiction of the circuit or chancery courts, in all civil actions, whether at law or in equity, including civil actions appealed or otherwise transferred to those courts."  Tenn. R. Civ. P. 1 (2005).

> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> When requested by counsel or pro se parties, the clerk shall mail or deliver a copy of the entered judgment to all parties or counsel within five days after entry; notwithstanding any rule of civil or appellate procedure to the contrary, time periods for post-trial motions or a notice of appeal shall not begin to run until the date of such requested mailing or delivery. In the event the residence of a party is unknown and cannot be ascertained upon diligent inquiry, the certificate of service shall so state. Following entry of judgment, the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment.

Tenn. R. Civ. P. 58 (2005).

Thus, in order to comply with Tennessee Rule of Civil Procedure 58, the orders establishing child support and modifying child support must meet one of the three procedural mandates in order to be effectively entered. Here, these orders do not meet any one of the three procedural mandates of Tennessee Rule of Civil Procedure 58. While both the initial order establishing child support and the order modifying child support were signed by the judge, both orders do not contain the signatures of counsel for either party or a certificate by counsel or the juvenile court clerk that the parties or their respective counsel have been served with a copy of the respective order. Thus, the orders establishing child support and modifying child support are not effectively entered for failure to comply with Tennessee Rule of Civil Procedure 58. *Masters ex rel. Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992); *Grantham*, 794 S.W.2d 751 (Tenn. Ct. App. 1990); *Gordon*, 1997 Tenn. App. LEXIS 392; *Aslinger v. Dunlap*, No. 764, 1987 Tenn. App. LEXIS 2912 (Tenn. Ct. App. Sept. 17, 1987); *see Halpern v. Halpern*, No. W2003-01323-COA-R3-CV, 2004 Tenn. App. LEXIS 572, at *11-12 (Tenn. Ct. App. Aug. 31, 2004).

"The purpose of this Rule is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved." *Masters ex rel. Masters*, 863 S.W.2d at 705. Accordingly, since there is no final order effectively entered from the trial court, this appeal is dismissed and the cause is remanded to the trial court for the entry of both the order establishing child support dated April 15, 2002 and the order modifying child support dated September 17, 2004 pursuant to Tennessee Rule of Civil Procedure 58. Tenn. R. App. P. 3.

### III. CONCLUSION

For the foregoing reasons, we dismiss this appeal. We remand for the trial court to enter a final judgment in this cause. Costs of this appeal are taxed to Appellant, Ian W. Taylor, Sr., and his surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE