IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# GINO HARRIS v. DAVID HENSLEY

**Direct Appeal from the Chancery Court for Wayne County**
**No. 10125     Robert L. Jones, Chancellor**

---

**No. M1999-00654-COA-R3-CV - Decided May 17, 2000**

---

A prisoner filed a Motion to Alter or Amend the trial court's dismissal of his Petition for Certiorari, claiming that he had never been served with a copy of the respondent's Motion to Dismiss. The trial court denied the Motion to Alter or Amend, implying that the presence of a proper certificate of service on a motion creates an irrebuttable presumption that service of that motion had successfully been accomplished. We affirm the trial court's order, but on the ground that the appellant was not entitled to the relief he sought, despite any possible defects of service.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ, joined.

Gino Harris, Clifton, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellee, David Hensley.

## OPINION

### I. CERTIORARI AND FIRST APPEAL

Gino Harris is an inmate at the South Central Correctional Facility (SCCF), a prison operated by Corrections Corporation of America (CCA). On October 12, 1997, he was charged with assaulting a member of the prison staff. Mr. Harris was found guilty of the charge following a hearing conducted on October 22, 1997. He appealed his conviction through the administrative channels of the Tennessee Department of Correction, and on January 20, 1998, Commissioner Donal Campbell denied his final appeal.

Mr. Harris filed a Petition for Writ of Certiorari in the Wayne County Chancery Court on March 5, 1998. The Petition named David Hensley as respondent. Mr. Hensley is the CCA employee who was Chairman of the Disciplinary Board at the time of Mr. Harris' hearing. On May 4, 1998, the Respondent filed a Motion to Dismiss under Rule 12.02(6) Tenn.R.Civ.P. for failure to

state a claim upon which relief can be granted. A paragraph found at the bottom of the Motion and signed by attorney Tom Anderson reads as follows:

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion to Dismiss has been sent by United States mail, postage prepaid, to Mr. Gino Harris, #131744, at South Central Correctional Center, Clifton, Tennessee 38425-0279, this 30th day of April, 1998.

A memorandum accompanying the Motion contained a similar certificate. On June 24, 1998, Mr. Harris filed a Motion for Default Judgment, which stated that he was entitled to judgment because he had not received an answer from the respondent within the thirty days required by Rule 12.01, Tenn.R.Civ.P.

On July 14, 1998, the court entered an order denying Mr. Harris' Motion for Default Judgment and granting Mr. Hensley's Motion to Dismiss. The chancellor found that the petition failed to state "any factual or legal basis for the court to conclude that the Disciplinary Board had acted unreasonably, arbitrarily, capriciously or illegally and therefore fails to state a claim under Rule 12.02(6) of Tennessee Rules of Civil Procedure."

Mr. Harris subsequently filed a timely Motion to Alter or Amend the Judgment. He claimed that the Respondent had failed to serve him with a copy of the Motion to Dismiss, as is required by Rule 5 of the Tennessee Rules of Civil Procedure. When a ruling on his Motion was not forthcoming, he filed a Motion for Status on October 5, 1998, and a Second Motion for Status December 28, 1998. The second motion for status was filed again on December 31, 1998, for reasons that are unclear in the record.

Instead of entering an order on the Motion to Alter or Amend and the other motions, the chancellor simply wrote the word "Denied" and the date 1-21-99 across the face of each motion, and signed his name. Mr. Harris then appealed to this court.

We found that the judge's notations did not constitute properly entered orders of the court in accordance with the requirements of Rule 58, Tenn. R. Civ. P., and that we did not have jurisdiction, because the trial court had not yet entered a final order resolving all the claims between the parties. See Rule 3(a), Tenn. R. App. P. We accordingly dismissed the appeal without prejudice, so that a final judgment could be entered. We also ordered that upon the request of either party, the record on appeal would be consolidated with the record filed in any new appeal, should one be perfected.

After remand, the chancellor reviewed the file and noted that the Motion to Alter or Amend was based upon the respondent's alleged failure to serve a copy of the Motion to Dismiss upon the petitioner. He denied the Motion, stating that "[s]ince the Motion to Dismiss and Memorandum of

Law in support thereof, had proper certificates of service, the Petitioner has failed to establish that grounds exist, procedurally or substantively, to alter or amend the Order of Dismissal." The present appeal followed.

## II. THE QUESTION OF SERVICE

In the present appeal, Mr. Harris focuses on the alleged failure of attorney Anderson to serve him with a copy of the Motion to Dismiss. He points to Rule 5.01 of the Tennessee Rules of Civil Procedure, which reads in pertinent part:

> Unless the Court otherwise orders, every order required by its terms to be served; every pleading subsequent to the original complaint; every paper relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties . . . .

Mr. Harris alleged that he was not the only prisoner at the South Central Correctional Facility whose case had been dismissed pursuant to an unserved motion filed by Mr. Anderson. He urges us to take judicial notice of a petition he filed against Mr. Anderson, and of exhibits to that petition consisting of the affidavits of three fellow prisoners, who alleged that Mr. Anderson had failed to serve them with copies of motions that he filed with the court.

Mr. Harris further suggests that proof of service or of non-service of particular papers to prisoners may be obtained by consulting the log books kept in SCCF's mailroom for documenting all incoming legal mail to prisoners of the institution, or by asking the postal service to put tracers on unreceived correspondence.

For his part, Mr. Anderson, acting on behalf of Mr. Hensley, directs our attention to other portions of Rule 5. He notes that Rule 5.02, which describes how service may be made, states that "Service by mail is complete upon mailing," and that Rule 5.03, which discusses proof of service, states that "[p]roof may be by certificate of a member of the bar of the court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court."

A simple denial of service by a party is never sufficient to set aside a judgment, *State ex rel Agee v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995), *Posey v. Eaton*, 77 Tenn. (9 Lea) 500 (1882). There must of necessity be a very strong presumption as to the correctness of a return of service, signed by an officer of the court, or else court proceedings would frequently degenerate into unprovable wrangling over the collateral matter of service.

That is not to say that such a presumption may not be rebutted, if the testimony of a party is supported by other disinterested witnesses or by corroborating circumstances. *See Cullen v. Maxey Camping Center v. Adams*, 640 S.W.2d 22 (Tenn. Ct. App. 1982); *Brake v. Kelly*, 226 S.W.2d 1008

(Tenn. 1950). The burden is on the complaining party to show by clear and convincing evidence that he was not served. *O.H. May Co. v. Gutman's Inc.*, 2 Tenn. Ct. App. 43 (1925).

Failure to serve a proper party may lead to reversal of the judgment against that party. Falsification of a certificate of service may lead to Rule 11 sanctions against the offending attorney. Legal sanctions may also be imposed against prison employees who fail to deliver legal mail to the prisoner for whom it was intended.

In the present case, the trial court apparently regarded the Certificate of Service on the respondent's Motion to Dismiss as conclusive proof that Mr. Harris was served in accordance with the Rules of Civil Procedure, and denied his Motion to Alter or Amend on that basis. We need not decide, however, whether the facts alleged by Mr. Harris would be sufficient to erase the presumption of proper service, because it appears to us that even if those facts were proven, he would still not be entitled to the relief he seeks.

### III. THE MOTION TO DISMISS

We must note at the outset that Mr. Harris has named the wrong party to obtain the remedy he seeks. The Tennessee Department of Correction is ultimately responsible for discipline in this state's prisons, even those run by private corporations. If the Department has violated the law in the manner in which it discharged (or failed to discharge) its duties, then it is the party against which a petition for certiorari must be directed. *See Howard Turner v. Shirley Campbell*, No. M1999-01208-COA-R3-CV, filed Nashville, Sept. 29, 1999, *perm. app. denied* (Tenn. Mar. 6, 2000).

Putting aside the question of the proper party to be named, we note that the purpose of a Rule 12.02(6) motion to dismiss is to test the legal sufficiency of the complaint or petition. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992). Such a motion asks for the dismissal of a pleading on the basis that it fails to state a claim for which relief can be granted. When dealing with a 12.02(6) motion, the trial court's ruling is determined by an examination of the petition alone. *Holloway v. Putnam County*, 534 S.W.2d 292 (Tenn. 1976). A trial court need not even wait for a party to file such a motion to dismiss a petition under Rule 12.02(6), for it possesses the authority to dismiss the petition sua sponte if the pleading fails to state a claim for which relief can be granted. *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn. 1975).

In ruling on a 12.02(6) motion (or acting sua sponte) the reviewing court should take all the well-pleaded, material factual allegations as true, and construe the petition liberally in the plaintiff's favor. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992). If after doing so the trial court finds that such facts do not constitute a cause of action, it should dismiss the petition. *Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975).

The relief asked for in the present case is a writ of certiorari, an extraordinary remedy whereby a superior court orders an inferior tribunal to send up the entire record for review. The scope of judicial review permitted under the common law writ of certiorari is very narrow. *Powell*

*v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. Ct. App. 1994). The reviewing court does not examine the intrinsic correctness of the judgment of the inferior tribunal but merely inquires into whether it has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. *Yokley v. State,* 632 S.W2d 123 (Tenn. Ct. App. 1981). The writ is never available as of right, but its grant or denial is within the sound discretion of the trial court. *Boyce v. Williams*, 389 S.W.3d 272 (Tenn. 1965).

In the present case, Mr. Harris complains that the alleged assault of which the disciplinary board found him guilty resulted from the reporting officer's use of force against him without prior approval or authorization, and that his own physical response was not "willful." He argues that willfulness is part of the definition of assault, so he cannot be found guilty of that infraction. His claim is an attack on the intrinsic correctness of the Board's judgment. Such a claim cannot be considered under the writ of certiorari.

Mr. Harris also points out that SCCF is operated under a contract between CCA and the Tennessee Department of Correction, and that its operations are therefore subject to Tenn. Code. Ann. § 41-21-101, et seq. He claims that the Disciplinary Board is in direct violation of Tenn. Code. Ann. § 41-24-110(5) for taking disciplinary action against state prisoners. This legal conclusion is not a "material factual allegation" that the trial court is obligated to consider as true when ruling on a Rule 12.02(6) motion. *See Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992).

Tenn. Code. Ann. § 41-24-110(5) forbids the delegation of the authority or responsibility of the Commissioner to any prison contractor for "granting, denying or revoking sentence credits; placing an inmate under less restrictive custody, or more restrictive custody; or taking any disciplinary actions."

The Department of Correction has promulgated Uniform Disciplinary Procedures to enable the Commissioner and the Department to retain their authority over discipline in privately-run prisons, while using the services of correctional officers employed in those prisons by CCA. Disciplinary Boards made up of such officers may conduct hearings, review evidence, and make recommendations to a designated officer of the Department of Correction. That officer must approve or modify the Board's recommendation before it can be put into effect. This system has been specifically approved by our Supreme Court in the case of *Mandela v. Campbell*, 978 S.W.2d 531 (Tenn. 1998), which also originated at SCCF.

Finally, Mr. Harris states that Department of Correction's policies require that a first-tier appeal of a disciplinary action be answered within ten calendar days. He complains that his due process rights were violated when his own first-tier appeal was not answered until 39 days had passed. He does not indicate in what way his rights were prejudiced by the delay.

After examining Mr. Harris' petition, we do not find any facts to indicate that the Department of Correction or the Disciplinary Board has exceeded its jurisdiction, or has acted illegally,

fraudulently or arbitrarily. We accordingly affirm the trial court's dismissal of his petition for failure to state a claim upon which relief can be granted.

**IV.**

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Wayne County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.