# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on October 2, 2012

## SARA EIGEN FIGAL v. VANDERBILT UNIVERSITY

**Appeal from the Chancery Court for Davidson County**
**No. 10453-III     Ellen Hobbs Lyle, Chancellor**

————————————————

**No. M2012-01496-COA-R3-CV - Filed October 5, 2012**

————————————————

This appeal arises out of an action for breach of contract and misrepresentation brought by a former university faculty member who was denied tenure. The faculty member has appealed from the trial court's dismissal of her lawsuit and subsequent denial of her Tenn. R. Civ. P. 59 motion to alter or amend. We hold that the order denying the Tenn. R. Civ. P. 59 motion complied with the service requirements of Tenn. R. Civ. P. 58, and thus entry of the order was effective on May 29, 2012. Because the faculty member did not file her notice of appeal within thirty days after the entry of that order as required by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Julie Faye Travis, Richard J. Braun, Nashville, Tennessee, for the appellant, Sara Eigen Figal.

John C. Callison, William N. Ozier, Nashville, Tennessee, for the appellee, Vanderbilt University.

**MEMORANDUM OPINION**[1]

Sara Eigen Figal was employed as an assistant professor in the Department of Germanic and Slavic Languages in the College of Arts and Sciences of Vanderbilt University. In May of 2008, Vanderbilt began the multi-step process of considering Dr. Figal for promotion to associate professor with tenure. Vanderbilt ultimately denied tenure to Dr. Figal in March of 2009. On March 17, 2010, Dr. Figal filed a complaint against Vanderbilt in the Chancery Court for Davidson County seeking an injunction and damages for breach of contract and misrepresentation.

The trial court granted Vanderbilt summary judgment and dismissed Dr. Figal's complaint on April 3, 2012. Dr. Figal filed a timely motion to alter or amend the judgment pursuant to Tenn. R. Civ. P. 59 on April 10, 2012. The trial court denied the Tenn. R. Civ. P. 59 motion on May 29, 2012. On June 29, 2012, Dr. Figal filed her notice of appeal to this court.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. The trial court denied Dr. Figal's Tenn. R. Civ. P. 59 motion on May 29, 2012. Dr. Figal did not file her notice of appeal with the trial court clerk until June 29, 2012, thirty-one (31) days later. Consequently, on September 18, 2012, this court ordered Dr. Figal to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal.

In response, Dr. Figal does not dispute that her notice of appeal was filed more than thirty days after the May 29, 2012 order denying her Tenn. R. Civ. P. 59 motion, but asserts that the May 29, 2012 order was not properly entered in accordance with Tenn. R. Civ. P. 58.02. Specifically, Dr. Figal contends the May 29, 2012 order does not contain a certificate of service as required by Tenn. R. Civ. P. 58, but rather contains only the notation "cc" followed by the names of counsel. Dr. Figal requests that the court remand this matter to the

---

[1]Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

trial court for entry of a judgment that conforms to the requirements of Tenn. R. Civ. P. 58 and treat her notice of appeal as timely.

Tenn. R. Civ. P. 58 provides:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:

(1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

(3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Failure to comply with the requirements of Tenn. R. Civ. P. 58 prevents the judgment or order from becoming effective. *Mangrum v. Collazo–Torres*, No. M2002–02277–COA–R3–CV, 2005 WL 273837, at *3 (Tenn. Ct. App. Feb. 3, 2005) (No Tenn. R. App. P. 11 application filed); *State v. Chapman*, 922 S.W.2d 516, 518 (Tenn.Ct.App.1995). Because the time for filing a notice of appeal runs from the "entry" of the order denying the Tenn. R. Civ. P. 59 motion, if the order was not effectively entered pursuant to Tenn. R. Civ. P. 58, the time for filing the notice of appeal cannot have expired.

The May 29, 2012 order contains the signature of the trial judge, the notation "cc" followed by the names of counsel, and a stamp stating "mailed 5-29-12." It does not contain the signature of any parties or their counsel. Pursuant to Tenn. R. Civ. P. 58, an order that does not contain the signature of any parties or their counsel must contain "a certificate of the clerk that a copy has been served on all other parties or counsel." Dr. Figal argues that the notation "cc" is not sufficient to comply with the certificate of service requirement of Tenn. R. Civ. P. 58. Dr. Figal does not, however, assert that his counsel was not actually served with a copy of the order.

This court addressed whether an order containing only a "cc" notation complied with Tenn. R. Civ. P. 58 in *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 510 (Tenn. Ct. App. 2005). In *Delong*, we held that the purpose of Tenn. R. Civ. P. 58 is to provide litigants with timely notice of the entry of final, appealable orders in their cases and that an order containing the "cc" notation accomplished that objective. *DeLong v. Vanderbilt Univ.*, 186

3

S.W.3d 506, 510 (Tenn. Ct. App. 2005). Dr. Figal contends that *DeLong* was decided in error. *DeLong* is, however, controlling authority, Tenn. Sup. Ct. R. 4(G)(2), and we decline to reverse or modify that decision.

Dr. Figal also asserts the "cc" notation in this case is inadequate because it does not indicate the date of service. Tenn. R. Civ. P. 58 does not contain an explicit requirement that the certificate of service contain a date, and we decline to hold that failure to include the date of service renders entry of a judgment ineffective under Tenn. R. Civ. P. 58. In any event, however, the order in this case contained a stamp indicating it was mailed on May 29, 2012.

In accordance with *DeLong v. Vanderbilt Univ.*, we hold that the "cc" notation complies with the service requirement of Tenn. R. Civ. P. 58 and that the order denying the motion to alter or amend was effectively entered on May 29, 2012. Pursuant to Tenn. R. App. P. 4, the time for filing a notice of appeal expired on June 28, 2012, and Dr. Figal's June 29, 2012 notice of appeal was untimely. The time limit for filing a notice of appeal is mandatory and jurisdictional. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). This court can neither waive nor extend the time period. Tenn. R. App. P. 2; *Edmundson v. Pratt*, 945 S.W.2d 754 (Tenn. Ct. App.1996); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Sara Eigen Figal for which execution, if necessary, may issue.

PER CURIAM

4