IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 25, 2022 Session

## HEATHER STEELE CHRISTY v. BRANDON JADE CHRISTY

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2019-CV-140      Ross H. Hicks, Judge**

_____

### No. M2021-00192-COA-R3-CV

_____

In this post-divorce proceeding, Father appeals a default judgment entered against him as a sanction that: 1) modified the parties' parenting plan and decreased his child support obligation based on the emancipation of one of his children and 2) awarded Mother a monetary judgment in the amount of $7,635 ($2,000 as reimbursement for half of the middle child's vehicle; $500 for sanctions not paid; and $5,135 for attorney's fees and court costs paid by Mother). Father filed a motion requesting the trial court to set aside the default judgment, asserting he did not receive proper notice of Mother's motion for default. The trial court summarily denied Father's motion without holding a hearing. We vacate the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

John B. Holt, Springfield, Tennessee, for the appellant, Brandon Jade Christy.

Brandi Lynn McPeek Jones, Springfield, Tennessee, for the appellee, Heather Steele Christy.

### OPINION

FACTUAL AND PROCEDURAL HISTORY

Heather Steele Christy ("Mother") and Brandon Jade Christy ("Father") are parents of three children born in 2000, 2002, and 2005. Mother and Father were divorced by final decree entered in January 2016. The final decree incorporated a marital dissolution agreement and a permanent parenting plan ("PPP") granting the parties equal parenting

time and naming Father as primary residential parent. The PPP required the parties to "split equally any and all agreed-upon extra-curricular expenses, necessary clothing expenses, and school-related fees or necessities." Neither party was awarded child support, which was a deviation from the child support guidelines. The PPP explained the deviation as follows: "Based upon the division of certain additional current and anticipated child-related expenses, such as cellular phones, vehicle expenses and other costs, the parties agree that it is in the best interest of the minor children that the child support obligation is deviated down to $0.00."

On January 3, 2018, the trial court entered an agreed order to modify the PPP, changing Mother to the primary residential parent and providing her with 285 days of parenting time; Father's parenting time was reduced to 80 days per year. Father's child support obligation was set at $991.00 monthly. The revised PPP required the parties to "split equally any and all agreed-upon extra-curricular expenses, necessary clothing expenses, and school-related fees or necessities" and to "split equally" "uncovered reasonable and necessary medical expenses." In April 2019, the case was transferred to Robertson County, per Mother's request.

On May 16, 2019, Mother filed a petition to modify the PPP and for civil contempt. As grounds for her motion, Mother stated that one child was emancipated; Father relocated to Knox County without proper notice to Mother; the children "are old enough that their opinion matters in the factors of what parenting time is in the[ir] best interests"; and Father had failed to pay two medical bills despite repeated requests to pay the same. A proposed parenting plan was attached to her motion. On June 27, 2019, Mother filed a motion to set her petition for final hearing; she stated that Father accepted service of her petition and over thirty days passed without a response from Father. On September 17, 2019, Father filed a pro se response to Mother's petition to modify the PPP and requested mediation to address the parenting plan dispute. The parties' PPP stated, "Should the parents disagree about the Parenting Plan or wish to modify it, they must make a good faith effort to resolve the issue by the process selected below before returning to Court." The parties' checked a box indicating they were selecting "Mediation by a neutral party chosen by the parents or the Court." Regarding costs of mediation, the PPP states "The costs of this process may be determined by the alternative dispute process or may be assessed by the Court based upon the incomes of the parents. It must be commenced by notifying the other parent and the Court by written request."

On September 30, 2019, Mother filed a "Motion for Father to Pay Half of Car Expenses for Minor Child." As grounds for her motion, Mother stated that the PPP requires the parties to equally divide "any and all agreed-upon extra-curricular expenses, necessary clothing expenses, and school-related fees or necessities," and that the parties agreed to split the cost of their children's cars (having already split the cost of their oldest child's car). Mother asserted that she paid $4,000 for the "car, tags, and insurance for the minor child" and that "Father told the Mother he would send her his half of the money for said

expenses, but he never did." Father retained counsel who filed a notice of appearance on November 1, 2019. The hearing set for November 5 was continued.

Apparently, the case stalled for the next four months until February 26, 2020 when Mother filed a motion for status requesting a final hearing on her motion to modify the PPP and on her motion for Father to pay half of the car expenses. Mother's motion for status was heard "on the pleadings" on April 23, 2020. On May 21, 2020, the trial court entered an order setting mediation and requiring Father to pay for mediation; the court set the final hearing, to be held by video conference, on June 16, 2020. On June 9, 2020, Mother filed a motion to continue the final hearing, to set mediation "on a date specific," and for attorney's fees. Mother stated that despite the fact that the order was not entered until May 21, all counsel "were advised of the court's ruling" on April 23. In an effort to quickly set mediation prior to the June 16 hearing, Mother sent mediation dates to Father's counsel on May 7 and followed up on May 19 and May 26, but Father did not respond. Mother advised that the mediator was available on two dates in July and requested the court to set mediation on either of those two dates; she also requested attorney's fees for the motion and for continued attempts to set mediation. Mother set her motion to "be heard on the pleadings on June 16, 2020." On June 16, 2020, the trial court entered a handwritten "Motion Hearing on the Pleadings Results Form" ("Results Form") (1) granting the motion to continue; (2) setting mediation on July 15, 2020; (3) requiring Father to pay the mediation fee of $250; and (4) awarding attorney's fees to Mother. On July 7, the trial court entered an order reflecting the June 16 ruling.

Mediation was held on July 15, 2020; Father and his counsel appeared in person, Mother's counsel appeared in person, and Mother appeared telephonically. Father refused to participate in the mediation when he learned that Mother did not appear in person. On that same date, Father filed an answer to Mother's May 16, 2019 motion to modify the PPP and a response to Mother's February 26, 2020 motion for status. Father also filed a motion to reconsider the June 16, 2020 order, seeking reimbursement from Mother for the cost of mediation.

On July 17, 2020, Mother filed a motion for default, or in the alternative for sanctions and to reset mediation. Mother asserted that Father "has failed to file an Answer or *any* responsive pleadings" and that Father acted in bad faith when he discontinued the mediation. Mother also filed a response to Father's motion to reconsider the June 16, 2020 order. Father then filed a response to Mother's motion for default.

On July 23, 2020, the trial court entered a Results Form denying Father's motion for reconsideration of its June 16, 2020 order. On July 27, 2020, Mother filed a motion for contempt and for wage assignment alleging that Father had fallen behind on his child support payments for a total arrearage of $1,991; the motion was set to be heard on the pleadings on August 11, 2020. On August 11, the trial court heard Mother's motion for contempt and wage assignment "on the pleadings" and entered a Results Form with the

following handwritten "judicial notes": "No response. Wage assignment to be entered. Judgment for arrearage to be entered ($1,991.00)."[1] On August 11, 2020, the court entered an order denying Father's motion for reconsideration of its June 16, 2020 order. On August 25, 2020, the court entered a handwritten order denying Mother's motion for default noting "answer filed 7/15", granting Mother's motions for sanctions by awarding "$250 attorney fees . . . to plaintiff", resetting mediation for "no later than September 20," and requiring both parties to attend mediation "in person." On September 21, 2020, the court entered an official order memorializing the August 25 handwritten ruling.

On October 15, 2020, Mother filed a motion to waive mediation and to set for final hearing and for additional sanctions. Mother asserted that she requested dates from the mediator on August 27 and provided two available dates to Father's counsel on that same day. Father's counsel responded via email on September 8 that neither of the two dates Mother suggested worked for him and requested additional dates from the mediator. Father's counsel then informed Mother's counsel via email that he could mediate on October 2, 2020, which was after the court's September 20 deadline. Mother filed a motion requesting the court to waive mediation and set a final hearing or, alternatively, "award a default judgment to the Mother . . . Father has no intention of complying with this Court's Order." Again, this motion was set to be heard "on the pleadings." The certificate of service on Mother's motion states it was "forwarded via U.S. Postage prepaid, email, or facsimile" to Father's counsel. Father asserts he never received service of the motion.

On November 3, 2020, the trial court entered the following Results Form on which the trial court's handwritten comments are italicized below:

> In accordance with Tennessee Supreme Court Orders in re: Covid-19 encouraging the continued use and increase[d] use of telephone, teleconferencing, email, video conferencing or other means that do not involve in-person contact and in accordance with the Order, the following Motion(s) were set and heard on the pleadings by the Honorable Ross H. Hicks, this the 3rd day of November, 2020 as follows:
>
> Motion(s) heard: *Motion to Waive Mediation [and] to set for final H[earing] and for Additional Sanctions*
>
> Pleadings Hearing Results:
> . . .
> X  Other

---

[1] The Results Form granting Mother's motion for contempt and wage assignment was entered on August 11, 2020, but the official order was not entered until October 27, 2020.

- 4 -

Judicial Notes: *No response by Father. Father was ordered to mediation and sanctions were imposed. Father has not complied with the Court's previous orders and he is therefore sanctioned further. His pleadings are struck and plaintiff is awarded a default judgment in this matter. Plaintiff's [attorney] to prepare judgment.*

On November 13, 2020, Father filed a motion for emergency judicial status conference, stating that Father "has now received three (3) separate Order[s] submitted to this Honorable Court. Counsel is not aware of any Motions and/or hearings to support said Orders." Attached to his motion was a hearing request form requesting his motion "to be heard however the Court deems appropriate." On that same day, the trial court denied Father's request for emergency judicial status conference stating in its handwritten comments on the motion hearing on the pleadings result form: "Mr. Holt must give COVID-19 notice and set [h]is motion for determination on the pleadings. If a hearing is deemed necessary by the Court, the Court will set a hearing." (emphasis in original).

On November 19, 2020, the trial court entered an order for default judgment which had been submitted by Mother, stating:

This matter came before the Court on the 3rd day of November 2020 upon the Motion to Waive Mediation & To Set for Final Hearing and for Additional Sanctions. After a review of the record in this matter, the Motion was granted, and the Mother is hereby awarded a default judgment. The Court FINDS and ORDERS the following:

1. That Mother filed a Petition to Modify Parenting Plan and for Civil Contempt on May 16, 2019, alleging a material change of circumstances based on the Father's relocation to Knoxville and the impossibility of following the current Permanent Parenting Plan.
2. That there has been a material change in circumstances such that the Permanent Parenting Plan be modified pursuant to the attached Permanent Parenting Plan.
3. That the attached Permanent Parenting Plan is hereby incorporated into this Order as if verbatim.
4. That the child support worksheet is attached to the Permanent Parenting Plan. As one minor child emancipated during the pendency of this Petition, there is a 15% variance such that the child support shall be modified to $748.00 per month. A new wage assignment order is attached.
5. That the Mother is awarded a money judgment in the amount of $7,635.00, for which execution may issue, the breakdown of which is as follows:

    a. $2,000.00 as reimbursement for the minor child's vehicle that the Father refused to pay;

    b. $500.00 for the previous sanctions ordered that Father has not paid;

    c. $5,135.00 for attorney's fees and court costs paid by the Mother.

6. That this Order resolves all matters pending in this court and is a final order.

On December 14, 2020, Father filed a motion to vacate the order for default judgment pursuant to Tenn. R. Civ. P. 60.02(1) arguing that the order for default judgment is "inappropriate without any notice whatsoever of the proceedings taking place on November 3, 2020." Attached to Father's motion was the affidavit of Father's counsel's legal assistant in which she averred, among other things, "I have absolutely no knowledge of a November 3, 2020, hearing regarding a Motion for Default or any other proceeding, as there has been no information via email, Notice of Hearing, Hearing Results Form or otherwise provided to this office." Father included a notice of hearing requesting to be heard "via Zoom." The trial court refused to grant a hearing via Zoom or otherwise and denied Father's motion to vacate by order entered January 19, 2021.

Father timely filed a notice of appeal and submitted a notice that no transcript or statement of the evidence of the proceeding would be filed, stating:

1. This matter was conducted without any evidence, testimony, or otherwise for the Court's consideration and in which to provide a transcript or statement of the evidence.
2. This matter was heard on "pleadings only" without the benefit of counsel being heard and without witnesses or Exhibits being filed.
3. Counsel for Appellant has no other option but to rely on the Trial Court record and the pleadings contained therein for this appeal.

Mother filed a response to Father's notice stating, "The conclusion of this matter was conducted without testimony due to Covid-19 procedures put in place by the 19th Judicial District. However, this matter began pre-pandemic and there was at least one in-court appearance . . . ."

Father appeals, asserting that the trial court erred in granting a default judgment against him because he did not receive notice of Mother's motion for default and, furthermore, that the trial court should have conducted a hearing on Mother's motion and his motion to vacate. Father also asserts the trial court erred in awarding Mother a judgment for half of the vehicle expenses for his child. Mother requests her attorney's fees on appeal.

STANDARD OF REVIEW

"Appellate courts review a trial court's decision to impose sanctions and its determination of the appropriate sanction under an abuse of discretion standard." *Alexander v. Jackson Radiology Assocs., P.A.*, 156 S.W.3d 11, 14 (Tenn. Ct. App. 2004) (citing *Lyle v. Exxon Corp.*, 746 S.W.2d 694, 699 (Tenn. 1988)). Likewise, we review a court's decision to enter a default judgment and its decision as to whether to set aside a default judgment under an abuse of discretion standard. *Patterson v. SunTrust Bank*, 328 S.W.3d 505, 509 (Tenn. Ct. App. 2010). When applying the abuse of discretion standard to a trial court's decisions involving default judgments, this Court has explained the analysis as follows:

> Under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made. A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining. In the interests of justice, the courts have expressed a clear preference for a trial on the merits. Motions to set aside default judgments are not viewed with the same strictness that motions to set aside judgments after a hearing on the merits are viewed. Rather, such motions are construed liberally in favor of granting the relief requested. If there is reasonable doubt as to whether to set aside a default judgment upon proper application, a court should exercise its discretion in favor of granting relief from the judgment.

*Decker v. Nance*, No. E2005-2248-COA-R3-CV, 2006 WL 1132048, at *2 (Tenn. Ct. App. Apr. 28, 2006) (internal citations omitted). The parties agree that there is no transcript and there was no hearing or testimony presented in relation to the trial court's award of a default judgment. Therefore, our review is on the technical record alone.

ANALYSIS

Mother requested the trial court to enter a default judgment against Father as a sanction for his failure to mediate by September 20, 2020, and for his failure to pay sanctions previously assessed. Father asserts that he did not receive notice that Mother was seeking a default judgment against him, and he further asserts that the trial court erred in granting the default "on the pleadings" rather than holding a hearing.

Tennessee Rule of Civil Procedure 16.06 states:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to

participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37.02. . . .

TENN. R. CIV. P. 16.06. Tennessee Rule of Civil Procedure 37.02(C) allows the court to enter "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" As this Court has pointed out, sanctions imposed under Tenn. R. Civ. P. 37.02 must "relate directly to the particular type of abuse involved in the case and must not be excessive. The punishment, in other words, must fit the crime and must be visited upon the criminal." *Mansfield v. Mansfield*, No. 01-A-01-9412-CH-0058, 1995 WL 643329, at *6 (Tenn. Ct. App. Nov. 3, 1995). Moreover, while default judgments are permissible sanctions under Tenn. Rs. Civ. P. 16.06 and 37.02, they are considered "drastic sanctions" and are not favored by the court because they "run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003).

Tennessee Rule of Civil Procedure 55.01 authorizes the entry of default judgment as long as specified procedural requirements are met. In particular, "all parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application." TENN. R. CIV. P. 55.01. The notice provisions of Tenn. R. Civ. P. 55.01 apply even when a default judgment is issued pursuant to Tenn. R. Civ. P. 37.02 as a sanction. *Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *5 n.1 (Tenn. Ct. App. Feb. 28, 2008) (noting that the procedural requirements of Tenn. R. Civ. P. 55.01 are applicable to "[a]ll parties against whom a default judgment is sought"). This Court has made clear that "default judgment is improper where the defendant was not given notice of the motion for default and the proposed date of the hearing on the same." *Pirkle v. Parker*, No. E2002-01751-COA-R3-CV, 2003 WL 104622, at *2 (Tenn. Ct. App. Jan. 13, 2003). Indeed, the notice requirements are so fundamental that "the principles and goals underlying the notice requirement apply with equal force when the defendant does not actually receive notice even though that failure may not be directly caused by the plaintiff." *Estate of Vanleer v. Harakas*, No. M2001-00687-COA-R3-CV, 2002 WL 32332191, at *5 (Tenn. Ct. App. Dec. 5, 2002).

Turning to the facts of this case, we note that Mother's motion to waive mediation and to set for final hearing and for additional sanctions contained a certificate of service executed by her counsel that stated the motion had been "forwarded via U.S. Postage prepaid, email or facsimile" and used the same physical address for Father's counsel as the one listed in his prior pleadings and motions; there was no mistake in the address. Nevertheless, in his motion to vacate the order for default judgment, Father asserts he did not receive Mother's motion, and he was therefore unaware that Mother sought a default

against him. This Court has previously explained the procedures for proper service of a motion and the circumstances under which the presumption of proper service can be rebutted as follows:

> "Service by mail is complete upon mailing." Tenn. R. Civ. P. 5.02. Proof of service "may be by certificate of a member of the Bar of the Court . . . or by any other proof satisfactory to the court." Tenn. R. Civ. P. 5.03. "There must of necessity be a very strong presumption as to the correctness of a return of service, signed by an officer of the court, or else court proceedings would frequently degenerate into unprovable wrangling over the collateral matter of service." *Harris v. Hensley*, No. M1999-00654-COA-R3-CV, 2000 WL 630924, at *3 (Tenn. Ct. App. May 17, 2000). Thus, "[a] certificate of service is prima facie evidence that a motion was served in the manner described in the certificate, and raises a rebuttable presumption that it was received by the person to whom it was sent." *McBride v. Webb*, No. M2006-01631-COA-R3-CV, 2007 WL 2790681, at *3 (Tenn. Ct. App. Sept. 25, 2007) (citing *Or[r] v. Or[r]*, No. 01-A-01-9012-CH-00464, 1991 WL 226916 at *4 (Tenn. Ct. App. Nov. 6, 1991)).
>
> Although failure to serve a proper party may lead to reversal of the judgment against that party, "[a] simple denial of service by a party is never sufficient to set aside a judgment." *Harris*, 2000 WL 630924, at *3 (citing *State ex rel Agee v. Chapman*, 922 S.W.2d 516, 518 (Tenn. Ct. App. 1995); *Posey v. Eaton*, 77 Tenn. (9 Lea) 500 (1882)). "That is not to say that [the] presumption may not be rebutted, if the testimony of a party is supported by other disinterested witnesses or by corroborating circumstances." *Id.* (citing *See Cullen v. Maxey Camping Ctr. v. Adams*, 640 S.W.2d 22 (Tenn. Ct. App. 1982); *Brake v. Kelly*, 189 Tenn. 612, 226 S.W.2d 1008 (Tenn. 1950)). "[T]here obviously exists the possibility of proof that a document was not received even though a certificate of service appears on it." *Estate of Vanleer*, 2002 WL 32332191, at *8. However, "[t]he burden is on the complaining party to show by clear and convincing evidence that he was not served." *Id.* (citing *O.H. May Co. v. Gutman's Inc.*, 2 Tenn. App. 43 (1925)). Rebuttal evidence of non-receipt creates an issue of fact for the court to resolve. *In re Adoption of S.A.W.*, No. M2007-01690-COA-R3-PT, 2008 WL 820540, at *1 (Tenn. Ct. App. Mar. 26, 2008) (citing *U.S. Life Title Ins. Co. of New York v. Dept. of Commerce & Ins.*, 770 S.W.2d 537, 542 (Tenn. Ct. App. 1989)).

*Se. Bank & Tr. v. Caldarera*, No. E2015-00353-COA-R3-CV, 2015 WL 7890039, at *3 (Tenn. Ct. App. Dec. 4, 2015) (quoting *Zulueta v. Montgomery*, No. M2009-02406-COA-R3-CV, 2010 WL 3170774, at *3 (Tenn. Ct. App. Aug. 11, 2010)).

To rebut the presumption raised by the certificate of service on Mother's motion, Father's counsel provided the affidavit of his legal assistant, Kayla Krisle, as an exhibit to his motion to vacate the order for default judgment, which stated, in relevant part, as follows:

> 1.     I have been the legal assistant for Attorney John B. Holt for the previous twelve (12) months.
> 2.     During the course of my employment and duties, it is my responsibility to monitor Mr. Holt's email at . . . . I review this account every day.
> 3.     Mr. Holt also reviews the email account, as this is the primary way of communicating with Clients and counsel on all cases maintained by this Firm.
> 4.     During the course of my employment and duties, I also receive any incoming regular mail or deliveries. I sort, scan and file any legal correspondence or pleadings. This is emailed to Mr. Holt for his attention to the same.
> . . .
> 8.     I will confirm that this Office had no new or different information concerning this matter after the efforts to set the matter via email for mediation on October 2, 2020.
> 9.     I will confirm that I have absolutely no knowledge of a November 3, 2020, hearing regarding a Motion for Default or any other proceeding, as there has been no information via email, Notice of Hearing, Hearing Results Form or otherwise provided to this Office.

In our view, Ms. Krisle's affidavit constituted "rebuttal evidence of non-receipt" which created an issue of fact for the trial court to resolve. *In re Adoption of S.A.W.*, 2008 WL 820540, at *1; *see also Bd. of Prof'l Responsibility v. Curry*, 266 S.W.3d 379, 389 (Tenn. 2008) (explaining that "[o]nce rebuttal evidence is presented, the question of receipt becomes an issue of fact for the court to decide."). In addition, even assuming Father received proper notice of Mother's motion for default judgment as a sanction, the motion was set to be heard "on the pleadings" per the following notice included in the motion:

> Comes now counsel, Brandi L. Jones, and hereby gives NOTICE that the foregoing Motion will be heard **via pleadings only** on **November 3, 2020 at 9:00 a.m.**, in the Circuit Court for Robertson County, Tennessee before the Honorable Judge Ross H. Hicks.
>
> ### COVID-19 NOTICE
>
> Based on the Supreme Court's Order dated May 26, 2020 in response to the COVID-19 pandemic all in-person hearings have been suspended except in

certain limited circumstances that have been enumerated by the Supreme Court's order.

***Therefore, if <u>you</u> are opposed to this action you must respond in writing by October 30, 2020 to:***

**Robertson County Circuit Court**
**501 S. Main Street**
**Springfield, TN**
**. . .**

**FAILURE TO RESPOND WILL RESULT IN THE MOTION POSSIBLY BEING GRANTED BY THE COURT.**

Tennessee Rule of Civil Procedure 55.01 contemplates a "hearing" when a default judgment is requested. It is undisputed that Father was denied a hearing prior to the court's entry of a default judgment against him, and he was also denied a hearing on his motion to vacate the order for default judgment. Tennessee Rule of Civil Procedure 55.02 allows a court to "set aside a judgment by default in accordance with Rule 60.02." This Court has held that "the failure to allow a party to present proof to support his or her Rule 60.02 motion may be considered an abuse of discretion." *Gonzalez v. Gonzalez*, No. W2012-02564-COA-R3-CV, 2013 WL 4774139, at *8 (Tenn. Ct. App. Sept. 5, 2013); *see also Harper v. Harper*, No. E2002-01259-COA-R3-CV, 2003 WL 192151, at *4 (Tenn. Ct. App. Jan. 29, 2003) (holding that the court's refusal to hear proof related to a wife's Tenn. R. Civ. P. 60.02 motion was error). We are sensitive to the fact that this case proceeded during the COVID-19 pandemic, a world-wide public health emergency that affected the way Tennessee courts conducted business; however, the Tennessee Supreme Court's Order referenced in Mother's notice encouraged courts to "continue and even increase the use of telephone, teleconferencing, email, video conferencing or other means" in order to keep courts accessible to litigants. *See* Order, IN RE: COVID-19 PANDEMIC, No. ADM2020-00428 (Tenn. May 26, 2020).[2] These telephonic or virtual hearing options were not afforded to Father prior to the entry of default or upon his Tenn. R. Civ. P. 60.02 request to vacate the default.

Because Father provided Ms. Krisle's affidavit as rebuttal evidence of non-receipt of notice which created an issue of fact for the court to resolve, and because Father was not afforded the opportunity to be heard in a meaningful way before the court granted the default judgment and before the court summarily denied his Tenn. R. Civ. P. 60.02 motion, we must vacate the judgment of the trial court and remand the case for further proceedings,

---

[2] To the extent the 19th Judicial District had supplemental memos outlining specific procedures to comply with the Supreme Court's COVID-19 orders, neither party has provided them in the record on appeal.

including a hearing on the default itself, and if default is found, damages. In light of our decision to vacate the trial court's order, Father's remaining issue on appeal is pretermitted, and Mother's request for her attorney's fees on appeal is denied.

CONCLUSION

The judgment of the trial court is vacated and remanded. Costs of this appeal are assessed against the appellee, Heather Steele Christy, for which execution may issue if necessary.


_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE